### Staunton.

## WEEKLY v. TAYLOR & HAYNES.

September 11, 1916.

1. INJUNCTIONS—*Action for Purchase Money—Terms Imposed—Equity—Case in Judgment—Vendor and Purchaser.*—Upon a bill filed to enjoin the collection of the purchase-money notes for land, the court cannot impose upon the vendor any other or different terms from those contained in her contract. In the case in judgment, the vendor was to receive $350 in any event, and an additional $350 subject only to the condition that the title should not "be attacked and the land taken from" the purchasers. The title was attacked, but the litigation was still pending when the purchasers filed their bill to enjoin the vendor from maintaining an action at law for the purchase money. The decree of the trial court enjoined the prosecution of the action for the whole $700.

    *Held:* The decree should have put the purchasers upon terms, making any relief to them conditioned upon the payment by them to the vendor, or into court for her, of the sum of $350 with interest, and have provided further that, upon such payment, the vendor should be restrained and enjoined from attempting to collect the residue of the purchase money until the further order of the court.

Appeal from a decree of the Circuit Court of Smyth county. Decree for the complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*L. P. Summers,* for the appellant.

*Hutton & Hutton* and *White, Penn & Penn,* for the appellees.

KELLY, J., delivered the opinion of the court.

This is an appeal from a decree perpetually enjoining the prosecution of an action at law brought upon a purchase money note.

The essential facts are these: The appellant, Mary E. Weekley, by a written contract dated April 30, 1912, sold to the appellees, Taylor & Haynes, two certain parcels of land. The consideration for this sale, as expressed in the contract, was $700, to be paid two years after the date thereof, with interest, and evidenced by negotiable note. The contract contained a further provision which is the chief subject of this controversy, and is as follows:

"The party of the first part hereby covenants that upon the expiration of the two years above mentioned, and the payment by the parties of the second part of the sum of seven hundred dollars, with the interest thereon as stipulated, she will execute unto the parties of the second part a deed, with general warranty, conveying unto them the above described parcels of land, and in the event the title to this be attacked, and the land be taken from the said Taylor & Haynes, then it is fully understood and agreed by the said Mary E. Weekley that the said Taylor & Haynes shall pay only $350.00 instead of amount outlined above."

Pursuant to the contract, the appellees took possession of the lands, and appear to have held the same ever since.

The note for the purchase money was not paid. After it became due, Mrs. Weekley brought an action at law upon it, and Taylor & Haynes thereupon instituted the present suit in equity which resulted in the perpetual injunction above mentioned.

The bill, after referring to the sale, the purchase money note, and the action at law, alleged that the lands embraced in the contract were involved in a

certain pending and undetermined ejectment suit, and would probably be lost to the complainants; that the defendant, Mrs. Weekley, was a non-resident and insolvent; that complainants were willing to pay the whole of the purchase money if they could get a good title, or to pay $350 for a quit-claim deed and run the risk of losing the land, and that this was the true meaning of their contract, which was made with the knowledge of the parties that the ejectment suit aforesaid was threatened; that complainants were willing to reconvey the lands to the defendant, with the improvements which they had made thereon and which they averred would more than pay for the rent during their occupancy; and that they ought not to be required to pay $350 unconditionally and $350 if the title was ultimately sustained. The bill was not verified by affidavit, but no point seems to have been made of this oversight, and a temporary injunction was awarded thereon in vacation.

To this bill Mrs. Weekley filed a demurrer, answer and cross-bill. It is not necessary to discuss the demurrer. The answer, among other things, denies the interpretation of the contract of sale as contended for in the original bill; denies, with particularity and with considerable affirmative allegation, that the lands are embraced in the said action of ejectment; and denies the insolvency of defendant, but admits that she is a resident of the State of Indiana. The defendant further insists in her answer that she is entitled to specific performance of the contract, tenders a deed for the lands, and prays that the answer be treated as a cross-bill, and that specific performance and general relief be decreed in her favor. Answer under oath to the cross-bill was waived, and the answer and cross-bill itself was not verified.

Taylor & Haynes answered the cross-bill, denying generally its averments, and repeating in substance the allegations of the original bill. They especially repeat that they are willing to pay $700 for the land if the title is good, but that, as the title is in litigation, Mrs. Weekley should be required either to take $350 and permit them to litigate the title without further obligation to her, or she should be required to abide the end of the litigation in ejectment and then receive $700 if the title is sustained, and nothing if the title is defeated. This answer was verified by affidavit, and there was a general replication thereto.

Upon the proceedings and record as substantially set out above, with certain exhibits not necessary to mention, the cause was submitted, and the court entered the decree appealed from, which adjudged and ordered "that the injunction heretofore granted the complainants in this cause be perpetuated and the defendant be perpetually enjoined from prosecuting her action at law on the purchase-money note given for the lands sold by the defendant to the complainants, and that the defendant is not entitled to a specific performance of her contract of sale with the complainants for said lands. And the complainants shall recover of the defendant their costs in this behalf expended. And this cause is dismissed."

The contract between the parties was a plain and simple one. The land was regarded by them as being worth $700. It was contemplated that the title might "be attacked and the land taken." In that event Mrs. Weekley was to receive and Taylor & Haynes to pay only $350, instead of $700. In other words, Mrs. Weekley was to have $350 in any event. The remaining $350 she was also to have subject only to the condition that the title should not "be attacked and the land taken from the said Taylor & Haynes."

The court cannot make a new contract for these parties, which it would do if it should adopt some of the alternative propositions made in the bill and the answer to the cross-bill. These propositions are not in keeping with the contract, or with any terms which the court has the power to impose in connection with its enforcement.

It is conceded by counsel for appellees that it was error to perpetuate the injunction, but they insist that such a decree ought to be entered as will require the appellant either to take $350 and surrender now any further claim, or to await the end of the litigation as to the title and then receive either $700 or nothing, according to the fate of the title. We cannot accept this view.

The decree should have placed the appellees upon terms, making any relief to them conditioned upon the payment by them to the appellant, or into court for her, of the sum of $350 with interest from the date of the note; and it should have provided further, that, upon such payment, the appellant should be restrained and enjoined from attempting to collect the residue of the purchase money until the further order of the court. Such a decree will not only give to the appellant what she is unconditionally entitled to under her contract, but will preserve the rights of all the parties until the court can properly, and in accordance with the interpretation of the contract hereinbefore set out, enter a final order, either dissolving or perpetuating the injunction.

The decree complained of will be reversed, and this court will enter the decree which the lower court should have entered, and the cause will be remanded for further proceedings to be had in conformity with the views herein expressed.

*Reversed.*